REGAN, Judge.
Plaintiffs, Rudolph Phillips, the owner •and operator of a 1954 Dodge automobile and his collision insurer, Emmco Insurance ■Company, instituted this suit against the ■defendant, Mercedes Spellman, the owner .and operator of a 1952 automobile, endeavoring to recover $285.00 [1], representing ■the replacement cost of Phillips’ vehicle which was completely demolished as a re■sult of a collision between the two vehicles that occurred during a slight rain in the intersection of Fern Street and Fontaine-bleau Drive in the City of New Orleans, which accident, plaintiffs asserted was caused by the negligence of the defendant.
Defendant answered and denied that she was at fault and then reconvened to recover the sum of $272.95[2], representing property damage incurred by her vehicle •as a result of the collision. She insisted that the accident was caused solely by Phillips’ negligence, and in the alternative, ■pleaded his contributory negligence.
From a judgment dismissing the main ■and the reconventional demand, the plaintiffs have prosecuted this appeal.
The record reveals that the accident occurred in the intersection of Fontainebleau Drive and Fern Street. Fontainebleau Drive is a boulevard composed of two roadways, separated by a neutral ground. These roadways service traffic moving between Napoleon and Carrollton Avenues. Fern is a two-way street which intersects and crosses Fontainebleau Drive.
Phillips, in relating his version of the accident, testified that he was driving at a speed of about thirty miles per hour in the neutral ground lane of Fontainebleau Drive in the general direction of Napolean Avenue. He was “about two car lengths” or forty feet removed from Fern Street when he first observed the defendant crossing the roadway of Fontainebleau which services traffic moving in the general direction of Carrollton Avenue. It was his belief that she would stop when she entered the neutral ground area. Instead, however, she accelerated the speed of her vehicle and entered the roadway in which his vehicle was traveling. He did not apply the brakes thereof until he was twenty feet from the situs of the accident, and in a further effort to avert the collision, he swerved to the left, and in so doing, struck the right rear fender and bumper of the defendant’s automobile.
The defendant in relating her version of the accident, testified that she was driving in Fern Street toward Fontainebleau Drive and when she arrived at the intersection, she stopped in obedience to a traffic sign. She then observed that there was no traffic moving in Fontainebleau Drive toward Carrollton Avenue and that the nearest traffic approaching Fern Street in the opposite roadway of Fontainebleau and moving toward Napoleon Avenue was about one block away. She then drove across the ' first roadway, entered the neutral ground and noticed that Phillips’ car was about one-half block away. She decided that she *545 bad sufficient time to traverse this roadway. When she was about half way across, she realized that the plaintiff was closer to her than she had initially estimated. She then endeavored to increase the speed of her vehicle so as to avoid the collision, she was unsuccessful and her car was struck in the area of its right rear fender and bumper.
Theodore Heap, a disinterested witness, called by both litigants [3] but offered on behalf of the defendant, testified that he was driving about seventy-five feet behind Phillips’ vehicle and that he first noticed the defendant’s car when it entered the roadway in which the accident occurred. He was impressed by the fact that Phillips made no apparent effort to avoid the collision. Thereafter, he overheard the litigants conversing and related that Phillips said to the defendant that ¡ * he didn’t think he would have to apply his brakes to miss her, that he thought she had enough room to get by without applying his brakes.”
The foregoing resume of the case reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof was obviously impressed by the testimony of Heap and therefore reasoned that the proximate cause of the accident was the concurring negligence of both drivers.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ version of the manner in which the accident occurred. The trial judge found as a fact that both drivers were negligent and our analysis of the record convinces us the evidence preponderates in favor of this conclusion, and the judgment is therefore correct.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. The sum originally requested was $400, the value of Phillips automobile which was covered by an insurance contract containing a $50.00 deductible clause. One hundred fifteen dollars were secured as net salvage.

. The amount originally requested was $772.95 for personal injuries and property damage incurred by her vehicle as a result of the collision.

. Eespeetive counsel conceded during oral argument in this court that Heap was requested to appear by both litigants.